**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5304-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

OREADER CALLAWAY,

    Defendant-Appellant.

_____

Submitted March 8, 2021 – Decided November 18, 2021

Before Judges Hoffman and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 13-08-0662.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Stephen C. Sayer, Assistant Prosecutor, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

The opinion of the court was delivered by

SMITH, J.A.D.

Defendant appeals from the June 17, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm for the reasons set forth below.

I.

Because we heard this matter on direct appeal, State v. Callaway (Callaway I), No. A-4413-14 (App. Div. June 29, 2017) (slip op. at 2-3), we incorporate its factual narrative for brevity's sake. We recite only those facts germane to resolving the issues on appeal before us.

On the morning of June 30, 2012, Barbara Glaspey was asleep in her home when she suddenly heard a loud noise. She awoke to a man breaking into her bedroom threatening to kill her. The man gestured, with a covered hand that was outstretched as though it contained a weapon, and instructed Glaspey to put all of her jewelry and money into empty pillowcases.

Meanwhile, Glaspey's neighbor, Scott Lang, noticed what appeared to be a fire department vehicle (a red truck with white lettering on the side) parked outside of Glaspey's home. Fifteen minutes after making this observation, Glaspey came to his home and told him what had happened to her. Mr. Lang

2

then called the police to report the incident and provided them with a description of the vehicle.

Shortly thereafter, Officer Gerald McCreery received a call on his police radio informing him of the reported burglary. The call relayed the details of the incident, including the description of a red, flat-body pickup truck with white lettering on the side. Officer McCreery departed for the burglarized home, but as he neared the location of the reported incident, he noticed a truck matching the vehicle description parked at a 7-Eleven.

Officer McCreery immediately turned his vehicle around and pulled into the 7-Eleven parking lot. He exited his vehicle and verified that the red truck he observed was nearly identical to the description of the suspect's vehicle. Looking into the truck's flatbed, the officer saw it contained pillowcases with valuables stuffed inside, as well as a flat screen TV. Officer Daniel Hider then arrived on the scene. The record shows that the officers obtained a description of the suspect from a witness, J.P., who stated that he observed defendant park and exit the vehicle at the 7-Eleven. The officers were also in possession of Glaspey's description of the suspect. Finally, the record also shows that defendant, who was sweating profusely on a cool day, was apprehended by the officers near the store shortly thereafter.

3

A grand jury returned Indictment Number 13-08-0662, charging defendant with first-degree kidnapping, first-degree robbery, third-degree receiving stolen property, fourth-degree resisting arrest, third-degree terroristic threats, and second-degree burglary. The trial took place on January 13, 2015, and the jury convicted defendant of first-degree robbery, second-degree kidnapping, second-degree burglary, third-degree terroristic threats, and two counts of receiving stolen property. On February 27, 2015 defendant was sentenced to life in prison on the count of first-degree robbery, and he also received a series of lesser concurrent sentences. On direct appeal, we affirmed as to all issues. See Callaway I.

Defendant filed a timely PCR application through counsel and added a supplemental pro se application raising additional issues. The PCR judge, the Hon. Joseph M. Chiarello, J.S.C., heard argument on June 17, 2019 and denied defendant's application in its entirety. After thoroughly reviewing the trial record and the issues disposed of on direct appeal, the judge issued a detailed and cogent oral opinion with specific findings on each PCR claim.

The judge first addressed defendant's ineffective assistance of counsel claim. Defendant maintained that his counsel was ineffective for two reasons: because counsel "failed to fully investigate the circumstances of his arrest" and

4

because of "inconsistencies [in the] testimony from the [arresting] officers." Regarding the inconsistent testimony, defendant argued that his trial counsel should have ordered a copy of the Salem County municipal court transcript because it would have demonstrated these alleged discrepancies and allowed trial counsel to impeach the credibility of the two officers. The judge found that the record adequately addressed both claims.

Specifically, he found that we addressed "the circumstances of the arrest" in Callaway I by concluding that the totality of the circumstances provided the officers with probable cause to arrest the defendant. Callaway I, slip op. at 10. The judge also found, after lengthy oral argument, that there was no inconsistent testimony from the arresting officers. He determined that that the trial record showed the officers spoke to the witness at the 7-Eleven together, not separately, as argued by the defense. Based on the entire record developed at defendant's trial and subsequent appeal, the judge concluded that failing to obtain the municipal court transcript was not ineffective assistance of counsel.

Defendant's PCR application also contained an impermissible bolstering argument regarding footprint evidence proffered by the State at trial. In evaluating this claim, the judge noted that the State's witness did not testify that the footprint belonged to defendant's shoe, but rather that the footprint she

5

observed matched the style of defendant's shoe. The judge examined the foundation laid prior to her testimony and found that none of the questions posed to her constituted bolstering.

Next, the judge reviewed defendant's pro se claims, including: "not calling a witness, failing to object to [certain trial] stipulations, failing to call [a] State witness, and failing to object to the introduction of evidence." The judge concluded that these claims were unsupported, rendering them "bald assertions."

Finally, the judge found that if there had been any errors, they were not prejudicial ones which would have changed the outcome of the trial under Strickland.[1] See State v. Preciose, 129 N.J. 451, 463 (1992). Appealing the PCR decision, defendant makes the following arguments:

> POINT ONE
>
> THE PCR COURT ERRED IN DENYING MR. CALLAWAY AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRE-TRIAL COUNSEL REGARDING HER FAILURE TO PROPERLY INVESTIGATE AND OBTAIN THE SALEM COUNTY 404(B) TRANSCRIPTS AND NEW JERSEY STATE POLICE RECORDING TO IMPEACH THE CREDIBILITY OF STATE WITNESSES. (RAISED BELOW)

---

[1] Strickland v. Washington, 466 U.S. 668, 694 (1984).

A-5304-18

POINT TWO

THE PCR COURT ERRED IN DENYING MR. CALLAWAY AN EVIDENTIARY HEARING REGARDING THE ISSUE OF THE STATE BOLSTERING THE CREDIBILITY OF A LAY WITNESS. (RAISED BELOW)

## II.

Where a PCR court does not conduct an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting State v Harris, 181 N.J. 391, 421 (2004)). When petitioning for PCR, a defendant must establish he is entitled to "PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (quoting Preciose, 129 N.J. at 459).

We analyze ineffective assistance of counsel claims by using the two-prong test established by the Supreme Court in Strickland. See Preciose, 129 N.J. at 463; see also State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of the Strickland test requires a defendant to establish counsel's performance was deficient. Preciose, 129 N.J. at 463. "The second, and far more difficult, prong is whether there exists 'a reasonable probability that, but for counsel's

A-5304-18

unprofessional errors, the result of the proceeding would have been different.'" Id. at 463-64 (quoting Strickland, 466 U.S. at 694).

There exists a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 689. Further, because prejudice is not presumed, defendant must demonstrate how specific errors by counsel undermined the reliability of the proceeding. State v. Drisco, 355 N.J. Super 283, 289-90 (App. Div. 2002) (citing United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

III.

Defendant argues that his trial counsel was ineffective for failing to pursue what he argues were inconsistencies in the testimony of Officers McCreery and Hider regarding facts surrounding the identification of defendant while the officers were searching for him, prior to his apprehension. We disagree, as this argument is premised upon facts not in the record. A review of the testimony indicates that defendant's current recollection is inaccurate.

While defendant claims that both officers testified as to having been the only one to speak to J.P. and obtain a description of defendant, the actual testimony adduced at trial from both officers tells a clearly different, united

story. Officer McCreery arrived at the 7-Eleven, followed by Officer Hider shortly thereafter. The officers met at the front of the store, where Officer Hider then shouted for the customers within to tell them who was driving the red truck in the parking lot. In response, an individual at the front of the store said out loud, and in the hearing range of both officers, a description of defendant who had been seen with the red truck. Both officers then testified consistently at trial that they heard this description of defendant and acted upon this information.

This account of the events was clearly articulated by both officers in their testimony, and the supposed contradictions asserted by defendant are not supported in the record. Defendant has failed to show ineffective assistance of counsel where there was no contradiction in the arresting officers' testimony for trial counsel to exploit. No evidentiary hearing is warranted under these facts. See State v. Porter, 216 N.J. 343, 355 (2013) (citations omitted).

We turn to defendant's next argument, in which he contends that the State improperly bolstered its witness testimony at trial. Our de novo review of the record leads us to conclude that there was no basis in the record to conduct an evidentiary hearing, substantially for the reasons set forth by Judge Chiarello in his comprehensive oral opinion.

Any arguments not addressed here are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION